IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HENRY COLTEN; ISLA RUTH WALKER; and JOHNNY COLTEN, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | No. CIV-04-1678-C |
| STATE OF OKLAHOMA, EX REL. RICHARD SMOTHERMAN, District Attorney for the Twenty-Third Judicial District; THE BOARD OF COUNTY COMMISSIONERS of Lincoln County, State of Oklahoma; THOMAS MCNELLY, Sheriff of Lincoln County, Oklahoma; Deputy WELLS; Deputy BUTLER, and JOHN DOE(s), | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant State of Oklahoma, *ex rel*. Richard Smotherman's Motion to Dismiss. Plaintiffs filed a Response and the matter is now at issue.

Plaintiffs brought the present action in state court seeking relief for alleged violations of various state and federal laws. According to Plaintiff Henry Colten, Defendants Wells and Butler conducted a warrantless search of his home. Plaintiff Henry Colten argues that as a result of this search, he is entitled to damages under state law from Defendants Wells, Butler, McNelly, Smotherman, and Lincoln County. Plaintiff Henry Colten also seeks damages from Defendant McNelly for an alleged violation of 19 Okla. Stat. § 547. Plaintiff Henry

Colten claims entitlement to damages from Defendants Wells, Butler, and Doe(s) for violation of 42 U.S.C. § 1983, incident to the allegedly illegal search. Plaintiff Johnny Colten raises identical claims, arguing Defendants' actions constituted assault, trespass, unlawful entry, false arrest, and imprisonment. Finally, Plaintiff Isla Ruth Walker raises identical claims related to the allegedly illegal search of her residence.

Defendant, State of Oklahoma, *ex rel.* Richard Smotherman ("State") filed the present motion pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiffs have failed to state a claim for relief. State also raised various immunity-based defenses to Plaintiffs' allegations.

Initially, the Court must resolve who is actually being sued by Plaintiffs. In the present motion, Smotherman addresses the issues as if he had been named as a Defendant. In their response, Plaintiffs argue they have filed no claims against Smotherman, rather he is simply named as the relator of claims against State. The Court is unable to locate any authority requiring a party wishing to sue the State of Oklahoma for the claims herein to name the District Attorney as relator. If, as Plaintiffs repeatedly state in their brief, their claims are only against State, then only State need be named. Accordingly, Plaintiffs will be directed to file an Amended Complaint correcting this issue.

Eleventh Amendment Immunity

State argues it cannot be sued in this Court because it is entitled to Eleventh Amendment immunity. Plaintiffs argue because they have not asserted any constitutional or federal claims, the Eleventh Amendment does not apply. Neither argument is valid. The Eleventh Amendment prohibits suit against a non-consenting state in federal court on any

legal theory unless the immunity has been waived by the state or abrogated by Congress. See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999); Edelman v. Jordan, 415 U.S. 651, 663 (1974). Thus, whether Plaintiffs' claims rely on federal or state law, they cannot be pursued in this Court absent an abrogation of immunity. However, it is unnecessary to determine if any of the claims raised by Plaintiffs contain the necessary abrogation of immunity, because State has waived its right to claim immunity. By virtue of the removal of this claim to federal court, State has consented to suit in this forum and thereby waived its right to claim immunity. See Lapides v. Board of Regents, 535 U.S. 613, 624 (2002). Although Lapides addressed only the removal of state law-based claims, the Tenth Circuit has held Eleventh Amendment immunity is waived by the removal of a case raising federal law-based claims. See Estes v. Wyoming Dep't of Transp., 302 F.3d 1200, 1206 (10th Cir. 2002). Thus, State's motion to dismiss based on Eleventh Amendment immunity will be denied.

Absolute Prosecutorial Immunity

State argues the claims against Smotherman are barred by absolute prosecutorial immunity by virtue of his role as District Attorney. Plaintiffs respond, arguing again that no claim is brought against Smotherman; rather, their claims are against the State. Although Plaintiffs' Petition is less than clear, it appears they are alleging the State is liable because Smotherman, through his subordinate Brad Gaylord, committed wrongs against them. In this regard, Plaintiffs are indeed complaining about actions taken by Smotherman relating to his duties to investigate possible criminal activity. If in fact Plaintiffs are making such claims,

those claims would be barred by absolute prosecutorial immunity. See <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 272-273 (1993); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976). Thus, in their Amended Complaint, Plaintiffs shall correct this issue.

<u>Qualified Immunity</u>

State asserts Smotherman is entitled to qualified immunity. In response, Plaintiffs again assert they allege no constitutional or federal-based claims against Smotherman in either his official or individual capacity, nor have they raised claims of these types against State. Plaintiffs' Petition is clear that no federal claims are brought against Smotherman in his individual capacity. This fact is dispositive of the qualified immunity issue. See <u>Brandon v. Holt</u>, 469 U.S. 464, ___ (1985) (qualified immunity is not available in official capacity suits). State's motion will be denied on this issue.

<u>Oklahoma Governmental Tort Claims Act</u>

State makes a conclusory assertion that Plaintiffs' claims are barred by the OGTCA. However, State fails to offer any explanation as to why Plaintiffs' claims fail to state a claim for relief. Plaintiffs' Petition alleges that they have complied with the notice provisions of the OGTCA and filed the present action after their claims were deemed denied. State asserts that it is not attacking whether or not the actions complained of are within the parameters of the OGTCA and no other basis for dismissal is offered. Accordingly, State's motion will be denied on this issue.

<u>Failure to State a Claim</u>

Finally, State asserts Plaintiffs have failed to state a claim for relief. The only specific shortcoming noted by State is that Plaintiffs cannot state a claim for relief under § 1983 because of a purported failure by Plaintiffs to identify an affirmative link between Smotherman's alleged shortcomings and Plaintiffs' harm. However, as noted above, Plaintiffs are not pursuing a § 1983 claim against either Smotherman or State. Consequently, this portion of State's motion will be denied.

## **CONCLUSION**

As set forth more fully herein, Defendant State of Oklahoma, *ex rel*. Richard Smotherman's Motion to Dismiss (Dkt. No. 21) is DENIED. However because of the ambiguities noted herein, Plaintiffs shall, within 15 days of the date of this Order, file an Amended Complaint consistent with the requirements of this Order.

IT IS SO ORDERED this 27th day of April, 2005.

_[signature]_
ROBIN J. CAUTHRON
United States District Judge